## MONADNOCK RAILROAD COMPANY *vs.* MANUFACTURERS' INSURANCE COMPANY.

The contingent interest of a railroad corporation in the property of others endangered by its engines will not be presumed to be covered by a policy of insurance in which that interest is not described in appropriate terms, when the corporation has property of its own to which the terms of the policy are applicable.

CONTRACT on a policy of insurance, dated June 6, 1871, by which the defendants agreed to insure the plaintiffs in the sum of $3000, for the term of one year, against loss or damage by fire upon "all the wood and logs cut and piled along the line of their railroad from Winchendon, Massachusetts, to Peterborough, New Hampshire, no loss to exceed $1000 at any one fire."

The case was heard and reserved for the consideration of the full court by *Ames,* J., upon an agreed statement of facts.

July 8, 1871, one Charles Rice was the owner of about 200 cords of wood, cut from and lying in piles on a tract of land adjoining the location of the plaintiffs' railroad in the town of Rindge, New Hampshire. This land was not owned or occupied by the plaintiffs. The piles varied in distance from two to eight rods from the location, and contained from one to six cords each. Rice was also at the same time the owner of a quantity of hemlock logs, from which the bark had been peeled, but which were not in piles, and which were cut from and lying on the same land. On that day the wood and logs were set on fire by sparks from the plaintiffs' locomotives and consumed. The plaintiffs gave the defendants due notice of the loss, and paid to Rice the value of the wood and logs before this suit was commenced, on the ground of their liability under the laws of New Hampshire.

At and after the date of the policy, and at the time of the fire, the plaintiffs owned wood, cut and piled at other points on the line of their railroad, on their own premises, some of which was in woodsheds at their stations, but they never owned any wood on or near the land above mentioned, nor did they ever own any logs.

If the court should be of the opinion that the plaintiffs were entitled to recover, the case was to be sent to an assessor to find the damages ; otherwise, judgment was to be entered for the defendants.

*G. A. Torrey*, for the plaintiffs.

*T. L. Nelson*, for the defendants.

AMES, J. The description contained in this policy was literally applicable to property belonging to the plaintiffs. When the policy was issued they were the owners of wood cut and piled at various places along the line of their road. If any of this property had been lost by fire during the year, they could have claimed indemnity of the defendants. The fact that they had no logs at that time was immaterial. The policy looked to the future, and a state of things might arise in which it would be proper to have it include logs as well as other descriptions of property.

There is nothing on the face of the policy to indicate that it was intended to cover anything more than the plaintiffs' own property. *Primâ facie* they were insured as owners simply. It is true that railroad corporations are responsible for damage by fires kindled by their locomotive engines, and that to enable them to protect themselves against that risk, they are held to have an insurable interest in the property of others exposed to danger from that cause. But this special and contingent interest in such property is a different thing from the interest of an owner. Whether it can be insured in the same form of words as if the assured party were the exclusive owner, it is not necessary at present to decide. But when the assured is the owner of property such as is described in the contract, we must assume, in the absence of any indication to the contrary, that he was insured as the owner of that property. If the parties meant anything more than that by the contract, they should have expressed their intention in appropriate language. We see no ground for holding that the policy was meant to cover two kinds of risk differing so widely from each other, and we think it should be limited to that which naturally and obviously comes within its terms.

*Judgment for defendants.*