Curran, Dennis J., J.
This dispute concerns taxes, the other of life’s great certainties. Plaintiffs Massachusetts Higher Education Assistance Corporation and Prince Lobel Tye, LLP claim they overpaid their share of taxes assessed against the office space they leased from the defendant, MassD-evelopment/Saltonstall Building Redevelopment Corporation. While the contracts between the parties include the tenants’ responsibility to cover some taxes as additional rent payments, the plaintiffs argue the defendants unfairly went beyond the plain language of those agreements in demanding more. They seek declaratoiy judgment on the issue.
The parties agree that no material facts remain in dispute and have filed cross motions for summary judgment. After careful consideration, the Court ALLOWS the plaintiffs’ motion and DENIES the defendant’s.
BACKGROUND
The following is taken from the summary judgment record, which includes the parties’ Statement of Undisputed Facts. See Attorney Gen. v. Bailey, 386 Mass. 367, 370 (1982). Minor facts are reserved for later discussion of specific issues.
*223 At all times relevant to this case, MassDevelopment controlled property at 100 Cambridge Street in Boston, by way of a ground lease with the Commonwealth of Massachusetts. That property included a 22-stoiy office building, a parking garage, retail space, and attached residential condominiums. The plaintiff Mass Higher Education has been renting space on floors 15 through 20 of the office building since 2003, and the plaintiff Prince Lobel became a tenant on the 21st and 22nd floors, starting in September 2005. Each also rented particular spaces in MassDevelopment’s parking garage for their exclusive use. Both tenancies were arranged under written commercial leases negotiated by counsel on behalf of the parties.
Because the sections of each lease relevant to this case are identical, the court refers only to the plaintiff Prince Lobel’s contract for the sake of efficiency. They are as follows.
According to Section 3.2.1, a tenant was to cover certain operating expenses in addition to a base rental fee. One of these additional rent obligations was compensating the landlord for “Taxes" calculated proportional to the tenant’s rented space. Exhibit E.2 defines ‘Taxes” as “all taxes ... assessed or imposed against the [p]remises or the property of which the [pjremises are a part.” Section 1.1 essentially defines “[p]remises” as the floor space rented by each tenant within the office building. Thus, Mass Higher Education’s premises included floors 15 through 19, as well as a portion of the 20th floor. Likewise, Prince Lobel’s premises consisted of part of floor 21 and all of floor 22. The term “Property” is specially defined in Section 1.1 to mean the real property of 100 Cambridge Street, as well as the office building, parking garage, and retail space situated upon it.
In 2012, the Ciiy of Boston began to include the value of the parking garage structure when appraising 100 Cambridge Street for tax purposes. At that time, and in each subsequent fiscal year, MassDevelopment demanded additional rent from the plaintiff tenants to compensate for the increases in its property tax payments. The plaintiffs made the payments under protest and filed the complaint in December 2013, requesting a declaratory judgment on their tax obligations under the terms of their leases.
DISCUSSION
Commercial leases are contracts to be interpreted by the Court as a matter of law. 275 Washington Street Corp. v. Hudson River Int’l, LLC, 465 Mass. 16, 27 (2013); Bright Horizons Children’s Ctrs., Inc. v. Sturtevant, Inc., 82 Mass.App.Ct. 482, 485 (2012). Where the language of a lease is unambiguous, summary judgment as to its meaning is appropriate. Seaco Ins. Co. v. Barbosa, 435 Mass. 772, 779 (2002). The parties’ disagreement over interpretation alone does not create such an ambiguity, Lumbermens Mut. Cas. Co. v. Offices Unltd., 419 Mass. 462, 466 (1995), and the Court does not otherwise find it here.
Based on the plain language of the two leases, the Court agrees with the plaintiffs. It does not appear that the parties intended for an increase in taxes on the parking garage to be assessed against tenants as additional rent. The contracts provide that tenants are responsible for increases in taxes assessed against either their Premises or “property of which [their] Premises are a part.” An increase in taxes on the actual floor space rented by the plaintiffs within the office building is not at issue. Therefore, unless the defendant’s demand for additional rent involved an increase in taxes assessed against “properly of which the Premises are a part,” it was improper.
First, and most logically, floors 15 through 22 are not structurally part of the parking garage area. Instead, they are part of the office building, which itself, along with the parking garage, constitutes a large portion of 100 Cambridge Street. Along these lines, MassDevelopment argues that the “property” invoked in Exhibit E.2 refers to the entirety of 100 Cambridge Street, particularly the complex forming the office building, parking garage, and retail space. This would tend to make sense, except for the fact that both leases specifically and specially define the term “Property”— with a capital “P”—to denote that exact combination.
Massachusetts courts must presume contracting parties intend their chosen words to have particular meaning—especially when such parties are sophisticated and represented by counsel, as here. See Thomas P. Nichols & Son Co. v. National City Bank, 313 Mass. 421, 427 (1943); Shoe & Leather Nat’l Bank v. Dix, 123 Mass. 148, 150 (1877) (“It must be assumed that all the language used in the contract was selected with some purpose and is to be of some effect”). In each lease, the parties declined to use the special term “Property” when drafting Exhibit E.2, even while deploying the special term “Premises” twice in that same section. Thus, the Court must assume that “property” means something other than the entire 100 Cambridge Street structure and corresponding real estate. See Monadnock R.R. Co. v. Manufacturer’s Ins. Co., 113 Mass. 77, 78 (1873) (“If the parties meant anything more ... by the contract, they should have expressed their intention in appropriate language”).
Moreover, Section 1.1 includes another specially-defined term deployed throughout the leases, “Building," which is used to describe the office building, parking garage, and retail spaces on the 100 Cambridge Street real estate, while explicitly excluding the attached condominiums. In this Court’s reading, then, if the parties intended for tenants to be responsible for taxes on certain property that included the parking garage, Exhibit E.2 could have been written as encompassing “all taxes . . . assessed or imposed against the Premises or Building.” Id.
When interpreting the terms of a contract, courts look to the agreement as a whole, reading the disputed section in context, rather than in isolation. Rubin v. Murray, 79 *224 Mass.App.Ct. 64, 76 (2011). Here, the parties did not draft Section 3.2.1 and Exhibit E.2 -with language that would clearly obligate tenants to compensate for taxes assessed against the “Properly” or the “Building.” Rather, they chose the phrase “property of which the Premises is a part.” Therefore, under the circumstances, the most reasonable, contextual interpretation of “property” is simply the office building alone.
Unlike the parking garage, the office building is obviously a structure “of which the Premises is apart,” because the floors rented by the plaintiffs are contained in it. Furthermore, the Court notes that both leases were negotiated and effected well before the City decided to tax the parking garage in its assessment of 100 Cambridge Street. This reasonably indicates that the parties neglected to include any such amount when contemplating tenant tax obligations, because it did not exist at that time. See Starr v. Fordham, 420 Mass. 178, 190 (1995) (contract interpretation must turn on “the particular language used against the background of other indicia of the parties’ intention”).
CONCLUSION AND ORDER
The Court upholds and enforces the unambiguous terms for which sophisticated and counseled parties negotiated and voluntarily contracted. Here, the plaintiffs agreed in their leases to cover taxes assessed against either their particular rented spaces or the office building as a whole—and nothing more. They therefore overpaid in rent in fiscal years 2012, 2013, 2014, and 2015 when they were compelled to compensate MassDevelopment for increased taxes associated only with the parking garage.
For these reasons, the Court hereby ALLOWS the plaintiffs’ motion for summary judgment and DENIES the defendant’s motion for summaryjudgment. A declaratory judgment shall enter on behalf of the plaintiffs on all counts of the complaint. The defendant MassD-evelopment shall REFUND to each plaintiff, with interest, the additional rent each paid to cover tax assessments against the parking garage in all relevant years.